UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ALEXANDER,<br><br>                    Plaintiff,<br><br>          v.<br><br>DAWN HILL-KEARSE and SERGIO JIMENEZ,<br><br>                    Defendants. | No.  2:26-cv-0204 TLN AC PS<br><br><br>ORDER |

Plaintiff is proceeding in this action pro se, and pre-trial proceedings are accordingly referred to the undersigned by E.D. Cal. 302(c)(21).  Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") and submitted the affidavit required by that statute.  See 28 U.S.C. § 1915(a)(1).  The motion to proceed IFP will therefore be granted.

## I.  SCREENING

### A.     Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Plaintiff must assist the court in determining whether the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").  The

1

Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to

2

state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

B.     The Complaint

Plaintiff's single-page complaint contains a one-line statement of facts, reading as follows: "Upon information and belief, Defendants conspired together and intentionally delayed the calendar of motions, in violation of due process[.]" ECF No. 1 at 1. The complaint lists a Seattle, Washington address for plaintiff, but fails to specify the location of the defendants. Id. The complaint does not describe any specific events or identify where relevant events occurred. Id.

C.     Discussion

Plaintiff's complaint cannot be served at this time because does not contain a "short and plain" statement setting forth the basis for venue in this district, plaintiff's entitlement to relief, or the relief that is sought, even though those things are required by Fed. R. Civ. P. 8(a)(1) (3). The exact nature of what happened to plaintiff is unclear from the complaint, which contains insufficient facts. The court cannot tell from examining the complaint what legal wrong was done to plaintiff, by whom and when, or how any alleged harm is connected to the relief plaintiff seeks.

Plaintiff's use of the phrase "delayed calendar of motions" indicates that perhaps the defendants are judges or court employees, though it is not at all clear that this is the case. The court notes that insofar as plaintiff seeks to sue judges, he cannot do so because judges are immune from suit, with only narrow exceptions. "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991). Judicial immunity is overcome only when a judge's actions are

3

either (1) nonjudicial in nature, i.e., not taken in the judge's judicial capacity, Forrester v. White, 484 U.S. 219, 227–29 (1988), or (2) taken in the complete absence of all jurisdiction, Stump v. Sparkman, 435 U.S. 349, 356–57 (1991).  Typically, a court's management of its motions calendar would not fall into one of these exceptions.  Absolute immunity extends to court staff when they act in a judicial or quasi-judicial capacity.  Stahl v. Klotz, 440 F. Supp. 3d 1113, 1119 (E.D. Cal. 2020).  Actions must be viewed in their context to determine whether they are part of the judicial function. The Ninth Circuit held that "acts which taken out of context would appear ministerial, but when viewed in context are part of the judicial function" are judicial in nature and give rise to judicial immunity.  In re Castillo, 297 F.3d 940, 951 (9th Cir. 2002).

For the foregoing reasons, the complaint cannot be served.  However, rather than recommending dismissal, the court will allow plaintiff to file an amended complaint correcting the problems outlined above.

## II.  AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the amended complaint must allege facts establishing that the Eastern District of California is the correct venue, and it must identify each of the defendants.  In addition, it must contain a short and plain statement of plaintiff's claims. The allegations of the complaint must be set forth in  sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint.  Each paragraph should be limited "to a single set of circumstances" where possible.  Rule 10(b).  As noted above, forms are available to help plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiff must avoid excessive repetition of the same allegations.  Plaintiff must avoid narrative and storytelling.  That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts.  Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

The amended complaint must not force the court and the defendants to guess what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996)(affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180. The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

Also, the amended complaint must not refer to a prior pleading to make plaintiff's amended complaint complete. An amended complaint must be complete without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### III.  PRO SE PLAINTIFF'S SUMMARY

It is not clear that this case can proceed in federal court. The court cannot tell from your complaint what legal harm was done to you because you do not allege enough facts. Furthermore, although it is not clear who the defendants in this case are, you should be aware that you generally cannot sue judges or court staff who perform quasi-judicial functions because they are immune from suit. Because the complaint as written does not state a claim upon which relief can be granted, it will not be served on defendants. Your lawsuit cannot proceed unless you fix the problems with your complaint.

You are being given 30 days to submit an amended complaint. If you submit an amended complaint, it needs to explain in simple terms who the defendants are, what they did to you, what laws or legal rights of yours were violated, by whom and how, and how those violations impacted you. Without this information, the court cannot tell what legal claims you are trying to bring

against the defendants.  If you do not submit an amended complaint by the deadline, the undersigned will recommend that the case be dismissed.

IV.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;

2.  Plaintiff shall have 30 days from the date of this order to file an amended complaint that names defendants who are amenable to suit, and which complies with the instructions given above.  If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: January 28, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE